IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION No. 4:19-CV-144-Y(BJ) |
| | § | |
| UNITED STATES, et al., | § | |
| | § | |
| Defendants | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Plaintiff has filed a civil case with a motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Edward Thomas Kennedy is the plaintiff. The defendants are the United States, the United States Department of the Treasury, the Federal Reserve System, the Board of Governors of the Federal Reserve System, Daniel E. Blumberg, Peter F. Bagley, Blumberg, Bagley, PLLC, and the State Bar of Texas.

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

C. LEGAL ANALYSIS

Plaintiff accompanied his complaint with a motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq.* That motion/application includes the income and asset information for the plaintiff. He lists that he receives $1600 in monthly social security payments, but shows the "take-home" amount as $1391 per month. Courts consider social security payments in making the in-forma-pauperis determination.[2] Kennedy lists no dependents. The applicable poverty guideline for a family of one is $12,140. At an income of $1,391 a month, Plaintiff's total annual household income of $16,692 is several thousand dollars above the poverty level for a family of one.[3] The information in this application thus shows that Plaintiff has sufficient resources available to pay the applicable fees. Thus, after review and consideration of the application/motion to proceed in forma pauperis, the undersigned finds the motion to proceed IFP should be denied, and will make such a recommendation.

RECOMMENDATION

It is therefore **RECOMMENDED** that Plaintiff's February 15, 2019 motion to proceed in forma pauperis [docket no. 2] be **DENIED** by the district judge.

It is further **RECOMMENDED** that the district judge inform Plaintiff that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless

---

[2]*See, e.g., Lewis v. Center Market, et al.*, 378 F. App'x. 780, 784-85 (10th Cir. May 17, 2010) (affirming district court's denial of IFP status to appellant whose only income sources were social security and unemployment benefits); *Salter v. Johnson*, No.3:12-CV-738-HTW, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013) (income includes social security payments), *rec. adopted,* 2013 WL 55065 (Feb. 12, 2013); *Mitchell v. Champs Sports*, 42 F.Supp. 2d 642, 648 (E.D. Tex. Dec. 15,1998).

[3]The undersigned notes that the same plaintiff previously sought to proceed in-forma-pauperis in case number 4:19-CV-124-O, and in that instance Plaintiff did not list the lower "take home wages." *See Kennedy v. United States , Et Al.*, No.4:16-CV-134-O (N.D. Tex. Feb. 12, 2019 Finding, Conclusions and Recommendation at 2).

Plaintiff pays to the clerk of Court the filing and administrative fees of $400.00[4] within seven (7) days after the district judge's order.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is **ORDERED** that Plaintiff is granted until March 5, 2019 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

---

[4]In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

3

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, RETURNED to the docket of the United States District Judge.

SIGNED February 19, 2019.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE